The STATE of Ohio, Appellant,

v.

MOORE, Appellee.

[Cite as *State v. Moore,* 165 Ohio App.3d 538, 2006-Ohio-114.]

Court of Appeals of Ohio,
Fourth District, Pike County.

Decided Jan. 9, 2006.

Robert Junk, Pike County Prosecutor, for appellant.

Marie Moraleja Hoover, R. Tracy Hoover, and Anthony A. Moraleja, for appellee.

McFARLAND, Judge.

{¶ 1} The state of Ohio appeals the Pike County Court of Common Pleas determination that Kenneth Walden Moore was a wrongfully imprisoned individual pursuant to R.C. 2743.48. The state contends that the trial court erred in entering its finding without holding a hearing on the matter. Because the trial court scheduled a hearing and took evidence on Moore's motion, and because the state did not oppose Moore's motion in any way, we disagree. The state also contends that Moore does not qualify as a wrongfully imprisoned individual, because he pleaded guilty to the offense for which he was imprisoned. Because we construe R.C. 2743.48 liberally, and because Moore's guilty plea is void and carries no legal effect, we disagree. Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} Moore was indicted for murder in 1995. His counsel advised him to plead guilty. Counsel failed to inform Moore of exculpatory evidence regarding gunshot-residue testing. Specifically, the state's gunshot-residue tests showed that Moore tested negative for gunshot residue and that another person, Lisa Mullet, tested positive for gunshot residue.

{¶ 3} On the advice of counsel and without knowledge of the gunshot-residue tests, Moore pleaded guilty and was sentenced to 15 years to life in prison. When Moore learned about the tests, he filed a motion for postconviction relief and a motion to withdraw his guilty plea. The trial court eventually granted Moore's motion, finding that he did not receive effective assistance of counsel and that he did not knowingly, intelligently, and voluntarily enter his plea.

{¶ 4} The court held a jury trial in July 2004. The evidence included the gunshot-residue tests and testimony. In particular, two witnesses testified that the gunshot-residue tests indicated that Mullett, not Moore, had fired a gun on the night in question. Additionally, two other witnesses testified that they had overheard Mullett admit committing the murder.

{¶ 5} The jury found Moore not guilty. On August 23, 2004, Moore filed a motion to have the court declare that he was a wrongfully imprisoned individual under R.C. 2743.48. The court set the matter for a hearing on November 18, 2004. Prior to the hearing, Moore moved the court to admit the complete transcript of the jury trial proceedings into evidence. Additionally, Moore moved to admit the trial exhibits. The court scheduled an oral hearing on Moore's motion regarding the transcript and a nonoral hearing on his motion regarding the exhibits for December 1, 2004. The court did not explicitly continue the hearing scheduled for November 18, 2005, on Moore's motion for a determination that he was a wrongfully imprisoned individual.

{¶ 6} The state did not submit any filings to the court. On December 16, 2004, the trial court issued a judgment entry stating that Moore's motions for the admission of the trial transcripts and exhibits came before it on December 1, 2004. The court granted Moore's motions. Also on December 16, 2004, the court issued a judgment entry finding, based upon the evidence admitted upon Moore's motions, that Moore was a wrongfully imprisoned individual.

{¶ 7} The state appeals, asserting the following assignments of error:

{¶ 8} "I. The trial court committed error by determining defendant-appellee to be a wrongfully convicted person pursuant to R.C. 2743.48 without holding any type of hearing."

{¶ 9} "II. The trial court's determination of defendant-appellee as a wrongfully convicted person pursuant to R.C. 2743.48 is contrary to law because the defendant-appellant [sic] entered a guilty plea."

## II

{¶ 10} Pursuant to R.C. 2743.48, a wrongfully imprisoned individual is a person who was convicted of a felony offense, served a term of imprisonment for that felony offense, and later had his conviction vacated or dismissed. R.C. 2743.48(A). Additionally, the individual must prove "that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person." R.C. 2743.48(A)(5).

{¶ 11} In its first assignment of error, the state asserts that the trial court erred by determining without holding a hearing that Moore was a wrongfully imprisoned individual. The state contends that the court was required to hold a hearing pursuant to *State v. Smith* (June 7, 1989), Summit App. No. 13801, 1989 WL 61052.

{¶ 12} In *Smith,* a visiting judge was appointed to the case after the defendant was acquitted and had filed a motion for a finding of wrongful imprisonment. The judge determined without either party appearing before the court that the defendant was a wrongfully imprisoned individual. On appeal, the court held that R.C. 2743.48, in conjunction with R.C. 2305.02, requires a trial court "to adjudicate the issue of whether an individual is wrongfully imprisoned after the parties have presented their positions in an adversary setting." The court noted that its holding was consistent with the requirement that the defendant in the underlying action prove that he did not commit the crime and that no collateral estoppel effect is given to a reversal of his conviction. *Smith,* citing *Mueller v. State* (Dec. 12, 1988), Warren App. 88–05–037, 1988 WL 131986. See, also, *Chandler v. State* (1994), 95 Ohio App.3d 142, 148, 641 N.E.2d 1382. Thus, the court remanded the cause for the trial court to determine whether Smith could prove by a preponderance of the evidence that he had been wrongfully imprisoned.

{¶ 13} Contrary to the state's argument, the trial court's actions here were not inconsistent with the *Smith* holding. *Smith* did not require that the trial court conduct an oral hearing or compel the state to oppose a motion seeking a declaration of wrongful imprisonment. Rather, *Smith* simply reiterated the well-established rule that an individual cannot prove wrongful imprisonment merely by proving that he was found not guilty of the underlying crime.

{¶ 14} "The wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, howev-

er, to compensate those who had merely avoided criminal liability." *Chandler,* 95 Ohio App.3d at 148, 641 N.E.2d 1382, citing *Walden v. State* (1989), 47 Ohio St.3d 47, 52, 547 N.E.2d 962; *Gover v. State* (1993), 67 Ohio St.3d 93, 95, 616 N.E.2d 207. A judgment of acquittal does not have a preclusive effect in a proceeding for compensation for wrongful imprisonment. *Walden* at paragraph two of the syllabus. Rather, an individual seeking such compensation bears the burden of affirmatively proving his innocence by a preponderance of the evidence. *Jones v. Suster* (1998), 84 Ohio St.3d 70, 72, 701 N.E.2d 1002. Because a judgment of acquittal is not to be given controlling effect in a proceeding under R.C. 2305.02 and 2743.48(A), "the very same transcript of a criminal proceeding which results in a conviction and which is subsequently overturned on the weight or sufficiency of the evidence *may* nonetheless be insufficient to support a claimant's innocence by a preponderance of the evidence." (Emphasis added.) *Chandler,* 95 Ohio App.3d at 149, 641 N.E.2d 1382.

{¶ 15} When we review a trial court's ruling on a claimant's attempt to demonstrate by a preponderance of the evidence that he qualifies as a wrongfully imprisoned individual, our function is to review the record to determine whether the trial court's judgment is supported by competent, credible evidence going to all the essential elements of the case. *McDermott v. State,* Stark App. No. 2004-CA-00178, 2004-Ohio-5560, 2004 WL 2348520, at ¶ 16, citing *Ratcliff v. State* (1994), 94 Ohio App.3d 179, 182, 640 N.E.2d 560. As to facts, we defer to the trial court, because it was in the best position to view the witnesses, to observe their demeanor, gestures, and voice inflections, and to use these observations in weighing credibility. *Id.,* citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.

{¶ 16} Here, in order to demonstrate that he qualifies as a wrongfully imprisoned individual, Moore presented only the trial transcript and exhibits from the trial in which a jury found him not guilty. While the trial transcript supporting a not-guilty verdict may not be sufficient to support a wrongful imprisonment finding in every case, we hold that it constituted competent, credible evidence to support such a finding in this case. Specifically, the evidence at trial, which was properly before the court upon Moore's motion, contains testimony that constitutes some competent, credible evidence that Mullett committed the murder. In particular, the state's gunshot-residue tests indicated that Moore had not fired a gun, but Mullett had. Additionally, two witnesses testified that they had heard Mullett admit to murdering the victim. Thus, Moore presented some competent, credible evidence that supports the trial court's finding that the murder for which Moore was found guilty was not committed by Moore.

{¶ 17} Accordingly, we overrule the state's first assignment of error.

## III

{¶ 18} In its second assignment of error, the state contends that the trial court erred in finding that Moore was a wrongfully imprisoned individual, because Moore originally pleaded guilty to the murder. Moore contends that because the guilty plea he entered in 1995 was constitutionally deficient, it cannot bar his right to claim that he was wrongfully imprisoned.

{¶ 19} R.C. 2743.48 explicitly defines a wrongfully imprisoned individual as someone who "was found guilty of, but did not plead guilty to" an aggravated felony or felony.

{¶ 20} Generally, we strictly construe statutes that waive the state's sovereign immunity. *Wright v. State* (1990), 69 Ohio App.3d 775, 778, 591 N.E.2d 1279, citing *Covent Ins. Co., Ltd. v. Carroll Cty. Commrs.* (1981), 2 Ohio App.3d 410, 2 OBR 486, 442 N.E.2d 486. However, "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws * * *." R.C. 1.11.

{¶ 21} Remedial laws are those enacted to correct past defects, to redress an existing wrong, or to promote the public good. *Wright,* 69 Ohio App.3d at 779, 591 N.E.2d 1279, citing 85 Ohio Jur.3d (1988) 26, Section 13 et seq. R.C. 2743.48 is a remedial law. *Wright,* 69 Ohio App.3d at 780, 591 N.E.2d 1279. Its purpose is to correct past injustices, and its "remedial intent should be honored if there is ambiguity by adopting a liberal construction of the statute." Id.

{¶ 22} A guilty plea that is not entered into knowingly, intelligently, and voluntarily is void. *McCarthy v. United States* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. A guilty plea is likewise void if the defendant does not receive effective assistance of counsel. *State v. Persons,* Meigs App. No. 02CA6, 2003-Ohio-4213, 2003 WL 21861201, at ¶ 10. "Void" has been defined as "[n]ull; ineffectual; nugatory; having no legal force or binding effect." Black's Law Dictionary (6th Ed.Abr.1991) 1086; *In re Estate of Veroni* (Dec. 13, 1998), Lake App. No. 97–L–119, 1998 WL 964583. Because the trial court here found that Moore did not enter his guilty plea knowingly, intelligently, and voluntarily, or with effective assistance of counsel, his plea was void. Thus, it carries no force or effect at law.

{¶ 23} R.C. 2743.48 is ambiguous to the extent that it does not explicitly state whether only valid guilty pleas will preclude recovery, or whether guilty pleas that are void will also preclude recovery. R.C. 2743.48's purpose of redressing

existing wrongs would not be served by withholding relief from individuals who were wrongfully induced to enter a guilty plea. The narrowest interpretation of R.C. 2743.48, which would preclude recovery even if the guilty plea is nugatory and has no effect at law, would thwart the remedial goals of the statute. On the other hand, interpreting R.C. 2743.48 liberally would result in assuring that a plea that has been determined to have no legal effect does not, in fact, have any legal effect upon either the criminal or civil matters associated with the case. This would further the remedial goals of the statute by addressing the particularly egregious wrong of imprisoning an individual not only wrongfully, but also unconstitutionally.

{¶ 24} Thus, we hold that the trial court did not err in applying a rule of liberal construction to R.C. 2743.48. Because a void guilty plea has no effect at law, it does not exist for purposes of determining whether a person qualifies to seek compensation pursuant to R.C. 2743.48. Therefore, the trial court did not err in determining that Moore was a wrongfully imprisoned individual.

{¶ 25} Accordingly, we overrule the state's second assignment of error, and we affirm the judgment of the trial court.

Judgment affirmed.

HARSHA, P.J., concurs in judgment and opinion as to Assignment of Error II and concurs in judgment only as to Assignment of Error I.

ABELE, J., concurs in judgment only.

ABELE, Judge, concurring.

{¶ 26} In its first assignment of error, appellant asserts that a trial court is required to hold an evidentiary hearing when deciding an R.C. 2743.48 issue. In the case sub judice, I note that the trial court apparently did schedule a hearing, and appellee opted to submit written evidence. Appellant, however, did not appear, did not object, and did not offer any contrary evidence. Thus, the trial court provided appellant with notice of the hearing and the opportunity to be heard, including the opportunity to submit evidence. I further agree that sufficient evidence supports the trial court's judgment and that the trial court committed no error.

{¶ 27} Additionally, I agree that appellee's previous guilty plea, which the trial court had permitted to be withdrawn due to ineffective assistance of counsel, was constitutionally infirm and cannot be used to defeat the application of R.C. 2743.48.

{¶ 28} For these reasons, I agree to overrule appellant's assignments of error and affirm the trial court's judgment.