[Cite as *State v. Caldero*, 2012-Ohio-11.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96719

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## WILLIAM A. CALDERO

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-522121

**BEFORE:**   Keough, J., Kilbane, P.J., and Blackmon, A.J.

**RELEASED AND JOURNALIZED:**   January 5, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:    Daniel T. Van
         James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

BY:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Plaintiff-appellant, the state of Ohio, appeals the trial court's decision granting the motion to withdraw guilty plea filed by defendant-appellee, William A. Caldero ("Caldero").   For the reasons that follow, we affirm.

{¶ 2}   In 2003, Caldero pled guilty to sexual battery; the trial court sentenced him to three years in prison and classified him as a sexually oriented offender under Megan's Law.   As a sexually oriented offender, Caldero was required to verify his address

annually for ten years upon his release from prison. At the time of his classification and under former R.C. 2950.99, failure to properly register as a sexually oriented offender was a felony of the fifth-degree.

{¶ 3} As of January 1, 2008, the Ohio General Assembly repealed Megan's Law and through S.B. 10 enacted a new sex offender law, the Adam Walsh Act ("AWA"). As a result of the AWA, Caldero was reclassified by the Ohio attorney general as a Tier III sex offender. This new classification required Caldero to verify his address every 90 days for life.

{¶ 4} On April 10, 2008, Caldero registered with the Cuyahoga County Sheriff's Office as ordered under the new AWA provisions. The "Notice of Registration," which was presented as State's exhibit 1 at the motion hearing, provided that Caldero's next registration date was January 13, 2009, which was less than one year from his April 10, 2008 registration, but was on the one-year anniversary of when he would have been required to register under Megan's Law.

{¶ 5} Caldero did not register on January 13, 2009, and was subsequently charged with violating a provision of the AWA, i.e., failure to verify his address pursuant to R.C. 2905.06(F), a felony of the third degree. He pled guilty to the charge and the trial court imposed a four year prison term.

{¶ 6} Subsequently, the Ohio Supreme Court issued its decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, declaring that the

retroactive reclassification of previously convicted sexual offenders under Ohio's AWA was unconstitutional.

**{¶ 7}** In March 2011, Caldero filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 based on the authority of the *Bodyke* decision. Following a hearing, the trial court granted Caldero's motion. The State appeals from this judgment.

**{¶ 8}** A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.

**{¶ 9}** In its sole assignment of error, the State contends that the trial court erred when it granted Caldero's motion to withdraw his guilty plea. The State claims that Caldero was not prosecuted under the AWA, but argues that because Caldero did not register his address pursuant to Megan's Law, his conviction was proper under Megan's Law.

**{¶ 10}** Although the State argues that the Caldero was prosecuted for violating Megan's Law, we find the only law governing registration for sexual offenders in effect

at the time of Caldero's indictment was the AWA.[1]  Therefore, the AWA was the basis

for his prosecution.  In *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946

N.E.2d 192, the Ohio Supreme Court held that a defendant "charged [with failing to

register] after his reclassification and before *Bodyke*" was prosecuted under the AWA.

Id. at ¶8.

{¶ 11} In this case, Caldero was originally classified as a sexually oriented

offender under Megan's Law.  He was then reclassified under the AWA as a Tier III

offender.  Before *Bodyke* was announced and his original classification was reinstated,

he was charged with violating the reporting requirements of the AWA.  However,

because Caldero was originally classified under Megan's Law, any reporting

requirements imposed on him under the AWA were unlawfully imposed, and therefore,

cannot form the basis for a reporting violation.

{¶ 12} Moreover, the penalty Caldero faced further evidences that he was charged

with violating the AWA and not Megan's Law.  For Caldero, under the AWA, failure to

verify is a felony of the third degree, whereas, under Megan's Law, in effect at the time of

Caldero's original classification, failure to verify was a fifth degree felony.  In *State v.*

*Page*, 8th Dist. No. 94369, 2011-Ohio-83, this court interpreted *Bodyke* to mean that the

AWA provisions, including the enhanced penalty provisions, cannot apply to Megan's

---

[1]The parties reference the preliminary injunction imposed in Cuyahoga County Court of Common Pleas Case Number CV-648938, which prohibited the State from applying the AWA to Caldero.  The order further required Caldero to register under Megan's Law "as if Megan's Law was still in effect after January 1, 2008." Irrespective of the order, Megan's Law had been repealed and could not be revived by a court order to serve as the basis for prosecution for failure to verify.

Law offenders. Id. at ¶12; see, also, *State v. Grunden*, 8th Dist. No. 95909, 2011-Ohio-3687 (enhanced penalties under the AWA provides an additional reason for vacating an unlawful registration-related conviction). When Caldero entered his guilty plea, he pled guilty to a third degree felony and received a four-year sentence, in accordance with the penalty guidelines under the AWA. Accordingly, the AWA was the basis for Caldero's prosecution.

{¶ 13} The State's final argument is that the trial court abused its discretion in granting Caldero's motion to withdraw his guilty plea because he was not in compliance with the reporting requirements under Megan's Law when he failed to register on his anniversary date pursuant to former R.C. 2950.06.

{¶ 14} Whether Caldero was in compliance with Megan's Law is a question of fact before the trial court, not this court. The only issue before us is whether the trial court abused its discretion in granting Caldero's motion to withdraw his guilty plea. Our review of the trial court's decision is for an abuse of discretion — whether it is unreasonable, arbitrary, or unconscionable. In light of the facts and circumstances of the case, we find that the trial court did not abuse its discretion in allowing the guilty plea to be withdrawn.

{¶ 15} Accordingly, the State's assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, A.J., CONCUR