[Cite as *Ballard v. State*, 2012-Ohio-3086.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97882

---

## RASHAD BALLARD

#### PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO

#### DEFENDANT-APPELLE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-755140

**BEFORE:** Rocco, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEYS FOR APPELLANT**

Samuel S. Riotte
David B. Malik
8437 Mayfield Road
Suite 101
Chesterland, Ohio   44026

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Michael A. Dolan
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant Rashad Ballard appeals from the trial court order that granted summary judgment to defendant-appellee the state of Ohio on Ballard's complaint, which sought a declaratory judgment that he was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48 for the period from December 12, 2009 to July 16, 2010 in case number CR-521631.

{¶2} Ballard presents two assignments of error. He argues that R.C. 2743.48 requirements should be liberally construed, and that summary judgment on his complaint violated his right to due process of law.

{¶3} Upon a review of the record, this court agrees that summary judgment in the state's favor on Ballard's complaint was inappropriate. Consequently, Ballard's assignments of error are sustained. The trial court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

{¶4} Ballard's complaint, which he later supported by affidavit, set forth the following facts.

{¶5} In 2005, Ballard was convicted of sexual battery. He was classified under Ohio's version of "Megan's Law" as a sexually oriented offender and served a year in prison.

{¶6} Upon his release from prison, Ballard complied with the requirements imposed by his sexual offender classification. However, in 2008, the Ohio Attorney General reclassified Ballard under Ohio's newly-enacted version of the Adam Walsh Act ("AWA"). The reclassification changed the frequency of Ballard's reporting requirements from annually for only ten years to every ninety days for the rest of his life. Ballard did not receive any notification of the attorney general's action.

{¶7} In August 2008, Ballard was indicted in case number CR-521631 for failing to meet the newly-imposed reporting requirements. He was arrested on this charge in March 2009.

{¶8} During the pendency of his criminal case, he filed a petition in the Cuyahoga County Court of Common Pleas, Civil Division, to contest the application of the AWA to his 2005 conviction.[1] However, the state never responded to his petition and the court took no action.

{¶9} In June 2009, acting on the advice of counsel, Ballard pleaded guilty in CR-521631 to the charge of failing to comply with the AWA

---

[1]Case number CV-688694.

requirements. He was sentenced to a nine-month prison term, but the term was suspended and he was placed on six months of "probation."

{¶10} Ballard failed to successfully complete his "probation." On December 2, 2009, he was arrested for violating the terms of his "probation." On December 9, 2009, the trial court imposed the original sentence in

CR-521631 for Ballard's conviction for violating the AWA. Ballard remained incarcerated in the Belmont Correctional Institution from December 12, 2009, to July 16, 2010, for his conviction.

{¶11} On June 4, 2010, the decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, was announced. *Bodyke* held that the AWA was unconstitutional as applied to persons such as Ballard. Therefore, pursuant to *Bodyke*, "any reporting requirements imposed on [Ballard] under the AWA were unlawfully imposed * * * ." *State v. Caldero*, 8th Dist. No. 96719, 2012-Ohio-11, ¶ 11.

{¶12} On July 22, 2010, six days after his release from prison, Ballard filed a motion in case number CR-521631 to withdraw his guilty plea to the charge of failure to comply with the AWA's reporting requirements. On October 6, 2010, the trial court granted his motion.

{¶13} On October 21, 2010, the civil court finally acted, granting Ballard's petition to contest the application of the AWA to his 2005 conviction. That court further formally reinstated Ballard's original sexual offender classification.

{¶14} On November 10, 2010, the state dismissed the charge against Ballard in case number CR-521631 with prejudice. The state attorney general's office sent a letter to Ballard dated November 29, 2010, that informed him that his "offender classification ha[d] been switched back to [his] original Megan's Law classification," and that his next reporting date was "3/6/2013."

{¶15} Ballard filed the instant action on May 12, 2011. He sought a declaration that he was a "wrongfully imprisoned person" in case number CR-521631 pursuant to R.C. 2743.48. He attached a copy of the letter sent to him from the attorney general's office dated November 29, 2010.

{¶16} After the state filed its answer to the allegations of Ballard's complaint, it filed a motion for summary judgment. The state argued Ballard could not meet all the requirements necessary to obtain relief under R.C. 2743.48. The state filed no evidentiary material to its motion.

{¶17} Ballard responded with a brief in opposition. He attached his affidavit, swearing to the truth of the allegations of his complaint.

{¶18} The trial court ultimately granted the state's motion for summary judgment on Ballard's complaint. In its opinion, citing *Ruff v. State*, 10th Dist. No. 95APE02-243, 1995 WL546896 (Sept. 14, 1995), the trial court indicated Ballard's guilty plea to the charge in CR-521631 barred him from obtaining the relief he sought.

{¶19} Ballard filed a timely appeal from the trial court's decision. He presents the following two assignments of error.

**"I.   The trial court erred when it strictly construed Ohio's wrongful imprisonment statute.**

**"II.   The trial court erred and violated the Plaintiff's Due Process rights in failing to recognize that Mr. Ballard's initial guilty plea was constitutionally deficient."**

{¶20} Ballard's two assignments of error present similar issues; therefore, they will be addressed together. He argues that the record does not support an award of summary judgment in the state's favor on his complaint for a declaratory judgment. He contends the evidence he submitted to establish the requirements of R.C. 2743.48(A) was sufficient to withstand the state's motion. This court agrees.

{¶21}   An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77

Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate only when, construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus.

{¶22} In order to file suit in the Court of Claims for damages for wrongful imprisonment, a petitioner first must obtain a declaratory judgment in the court of common pleas certifying that the petitioner was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998); R.C. 2305.02.

{¶23} A judgment of acquittal is insufficient; the petitioner seeking to establish a claim for wrongful imprisonment must produce evidence to establish the requirements set forth in R.C. 2743.48(A). *Ellis v. State*, 64 Ohio St.3d 391, 393, 596 N.E.2d 428 (1992), citing *Walden v. State*, 47 Ohio St.3d 47, 547 N.E.2d 962 (1989). The reason for the requirements is

because the wrongful imprisonment statutes were intended to compensate the innocent, not those who merely avoided criminal liability. *Walden* at 52; *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993). The petitioner carries the burden of proof by a preponderance of the evidence. *Dunbar v. State*, 8th Dist. No. 97364, 2012-Ohio-707, ¶ 11.

**{¶24}** R.C. 2743.48 provides in pertinent part as follows:

(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was

found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶25} The statute clearly states that the complainant must meet all of the requirements in order to obtain a declaratory judgment. In this case, the state argued to the trial court in support of its motion for summary judgment that Ballard was foreclosed from relief because he entered a guilty plea in case number CR-521631. The trial court incorrectly agreed with the state's argument, finding the decision in *Ruff*, 10th Dist. No. 95APE02-243, 1995 WL546896 (Sept. 14, 1995), persuasive, while the decision in *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452 (4th Dist.), was "distinguishable."

{¶26} This court has found *Moore's* reasoning, however, to be appropriate. In *Dunbar*, 8th Dist. No. 97364, 2012-Ohio-707, ¶ 15, this court agreed with *Moore* that the narrowest interpretation of R.C. 2743.48(A)(2) would thwart the remedial goals of the wrongful imprisonment statutes. Although *Moore* acknowledged R.C. 2743.48 is ambiguous to the extent that it does not explicitly state whether guilty pleas that are void will preclude recovery, the statute's purpose would not be served by withholding relief from individuals who were induced to enter a guilty plea "that carries no force or effect at law."

On the other hand, interpreting R.C. 2743.48 liberally would result in assuring that a plea that has been determined to have no legal effect does not, in fact, have any legal effect upon either the criminal or civil matters associated with the case. This would further the remedial goals of the statute by addressing the particularly egregious wrong of imprisoning an individual not only wrongfully, but also unconstitutionally. *Id.*, citing *Moore* at ¶ 23.

**{¶27}** Therefore, a void guilty plea "does not exist for purposes of determining whether a person has the right to see   compensation under R.C. 2743.48." *Id.* at ¶16.[2]

**{¶28}** Because the record contains evidence that supports Ballard's claim, the trial court acted improperly in granting the state's unsupported motion for summary judgment.  Ballard's assignments of error are sustained.

**{¶29}** The trial court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]Similarly, in *State v. Beasley*, 8th Dist. No. 96806, 2011-Ohio-6650, ¶ 11, this court addressed the effect of a guilty plea to a reporting violation based on AWA reclassification, and stated that, because the AWA was deemed unconstitutional, as a matter of law, it could not "serve as the predicate for the violations charged in the indictment"; therefore, even if the defendant entered a guilty plea, his conviction is void. *State v. Grunden*, 8th Dist. No. 95609, 2011-Ohio-3687.   Indeed, the defendant is entitled to "immediate release from the prison time he is serving." *Beasley*, at ¶ 12.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., J., CONCURS
FRANK D. CELEBREZZE, JR., P.J., DISSENTS
(SEE ATTACHED DISSENTING OPINION)

FRANK D. CELEBREZZE, JR., P.J., DISSENTING:

**{¶30}** I dissent from the majority's holding that material issues of fact exist regarding Ballard's classification as a wrongfully imprisoned person. In this case, that question represents a question of law, unaided by further testimony or discovery. The facts necessary for such a determination are clear. Ballard was arrested, pled guilty to, and was convicted of failing to comply with new conditions under the AWA that were not previously mandated under Megan's Law. Ballard's plea of guilt is fatal to his case.

**{¶31}** The majority relies on this court's holding in *Dunbar,* 2012-Ohio-707, which, in turn, relies on *Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452. These cases construct a legal fiction that

the wrongfully imprisoned person statute is ambiguous regarding vacated convictions and withdrawn guilty pleas. However, the reason underlying such a liberal construction is misplaced in this case. This view was taken in these cases in furtherance of the remedial goals of compensating those wrongfully imprisoned. But that goal can be accomplished without this court's storied hand penning new provisions of the Ohio Revised Code.

{¶32} The wrongfully imprisoned statute supplements, not supplants, the common law tort of wrongful imprisonment. *Haddad v. Dept. of Rehab. & Corr.*, 10th Dist. No. 01AP-1130, 2002-Ohio-2813, ¶ 21. As such, Ballard may recover under a tort action against the state even though he fails to qualify under R.C. 2743.48. *Bennett v. ODRC*, 60 Ohio St.3d 107, 110-111, 573 N.E.2d 633 (1991). Such a liberal interpretation of unusually clear statutory language is neither warranted nor required in this case. Therefore, I would uphold the trial court's grant of summary judgment in the state's favor.