[Cite as *Johnson v. State*, 2012-Ohio-3964.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98050**

---

## LESTER JOHNSON

PLAINTIFF-APPELLANT

vs.

## STATE OF OHIO

DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-764051

**BEFORE:** Jones, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert
1370 Ontario Street, Suite 600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Brian R. Gutkoski
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, Lester Johnson, appeals from the trial court's judgment granting the state of Ohio's motion for summary judgment and finding that he was not a wrongfully imprisoned individual under R.C. 2743.48. We reverse.

## I. Procedural History

{¶2} In March 1990, Johnson was convicted of rape in Case No. CR-247259. The trial court sentenced Johnson to a prison term and labeled him a sexually oriented offender under the law for the classification and registration requirements in effect at the time for offenders convicted of sexually oriented offenses, which was commonly known as "Megan's Law." As a result of being labeled a sexually oriented offender, Johnson was required to annually report his address to the state of Ohio for ten years upon his release from prison.

{¶3} On January 1, 2008, the Ohio legislature enacted Senate Bill 10 ("S.B. 10"), which was based on the federal Adam Walsh Act ("AWA"). The AWA changed the classification and registration requirements for offenders convicted of sexually oriented offenses, and as a result Johnson was reclassified as a Tier I offender, and upon his release from prison he was required to report and verify his address every 90 days for life.

{¶4} In December 2008, Johnson was indicted for failing to verify his address under the AWA in violation of R.C. 2950.06(F), a first degree felony. In July 2009, Johnson pleaded guilty to the charge and was sentenced to a three-year prison term.

{¶5} Subsequently, in July 2011, the Ohio Supreme Court held in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, that applying S.B. 10 to offenders who had committed sex offenses prior to its enactment violated the prohibition against retroactive laws as set forth in the Ohio Constitution. Thus, under the authority of *Williams*, Johnson filed a motion to withdraw his guilty plea for failure to verify. The trial court granted his motion and vacated his conviction for failure to verify. Johnson was released from prison on August 30, 2011, after having served approximately two years and seven months of his three-year sentence.

{¶6} In September 2011, Johnson filed a complaint seeking a declaration under R.C. 2743.48 that he was a wrongfully imprisoned individual. The parties filed cross-motions for summary judgment. As grounds for its motion, the state argued that Johnson was not a wrongfully imprisoned individual because he pleaded guilty to the offense for which he was charged. The trial court agreed, denied Johnson's summary judgment motion, and granted the state's motion for summary judgment.

{¶7} Johnson's sole assignment of error reads as follows: "The trial court erred by finding a voided guilty plea sufficient to bar application of O.R.C. 2743.48 to appellant."

## II. Law and Analysis

{¶8} In his assigned error, Johnson contends that the trial court erred in granting the state's summary judgment motion upon its finding that Johnson's guilty plea for failure to verify barred a declaration that he was a wrongfully imprisoned individual.

We agree.

{¶9} Appellate review of a trial court's ruling on a summary judgment motion is de novo. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, 940 N.E.2d 1026, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548, 2001-Ohio-1607, 757 N.E.2d 329. "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9 (internal citations omitted). Summary judgment is appropriate where

> the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6. Therefore, we undertake an independent review to determine whether the state was entitled to judgment as a matter of law.

{¶10} R.C. 2743.48(B)(1) sets forth a two-step process for redress for wrongfully imprisoned individuals. First, the common pleas court must certify that the defendant was a wrongfully imprisoned individual. If so certified, then the defendant may file a claim against the state in the Court of Claims for compensation. Under R.C. 2743.48(A), a "wrongfully imprisoned individual" is an individual who satisfies the following criteria:

(1) The individual was charged with a violation of a section of the Revised

Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶11} According to the state, because Johnson pleaded guilty to the failure to verify charge, he cannot qualify as a wrongfully imprisoned individual under subsection (A)(2) of the statute. Johnson, on the other hand, contends that because Ohio's version of the AWA was determined to be unconstitutional as applied to him, he pleaded guilty to a nonexistent crime. Thus, according to Johnson, his plea was void because it was not

knowingly, voluntarily, and intelligently made. Johnson contends that a void guilty plea has no legal effect and, therefore, cannot preclude his right to present a claim for wrongful imprisonment under R.C. 2743.48. Johnson also contends that because R.C. 2743.48 is a remedial statute that should be liberally construed to correct manifest injustice, we should find that its requirement that a defendant not have pleaded guilty to a crime be an ambiguity that we resolve in his favor. In support of his contentions, Johnson relies on *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452 (4th Dist.), and this court's decision in *Dunbar v. State*, 8th Dist. No. 97364, 2012-Ohio-707.

**{¶12}** In *Moore*, the Fourth Appellate District "liberally construed" R.C. 2743.48 to permit a person who had pleaded guilty to an offense to qualify as a wrongfully imprisoned individual. The defendant in *Moore* pleaded guilty to murder in 1995 upon the advice of his counsel. In advising the client to plead, counsel failed to inform the defendant that exculpatory gunshot residue evidence existed (i.e., evidence that showed that the defendant tested negative for gunshot residue, and that another suspect tested positive). After pleading guilty and being sentenced, the defendant learned of the gunshot residue evidence and filed motions for postconviction relief and to withdraw his guilty plea. The defendant's motions were granted.

**{¶13}** The case proceeded to a jury trial and the gunshot residue evidence was presented. The jury acquitted the defendant and he subsequently filed a motion seeking a declaration that he was a wrongfully imprisoned individual. The trial court granted the

defendant's motion and the state appealed.

{¶14} In addressing the "was found guilty of, but did not plead guilty to," language of R.C. 2743.48, the Fourth Appellate District found the statute to be a "remedial law," subject to "liberal construction." *Id.* at ¶ 21. The court reasoned that:

> interpreting R.C. 2743.48 liberally would result in assuring that a plea that has been determined to have no legal effect does not, in fact, have any legal effect upon either the criminal or civil matters associated with the case. This would further the remedial goals of the statute by addressing the particularly egregious wrong of imprisoning an individual not only wrongfully, but also unconstitutionally.

*Id.* at ¶ 23.

{¶15} Thus, the Fourth District held that the defendant's plea was not knowingly, intelligently, and voluntarily made, and was therefore void. "Because a void plea has no effect at law, it does not exist for purposes of determining whether a person qualifies to seek compensation pursuant to R.C. 2743.48." *Id.* at ¶ 24. Accordingly, the court of appeals found that the trial court did not err in finding the defendant was a wrongfully imprisoned individual.

{¶16} This court recently followed *Moore* in *Dunbar*. In *Dunbar*, the defendant was originally charged with domestic violence. The charges resulted from him striking his live-in fianceé in the face and head, twisting her legs, and kicking her. Immediately after the incident, the defendant became remorseful and apologized. The defendant left the victim alone in the house for extended periods of time, but told her not to leave the house or answer the door. According to the victim, the defendant did not want anyone to see her because of the way her faced looked.

**{¶17}** The defendant pleaded no contest to the original domestic violence charge and was sentenced to 180 days in jail. While the defendant was serving his sentence, he was indicted on three counts of abduction and one count of domestic violence; the indictment was based on the same incident described above. The defendant pleaded guilty to one count of abduction in exchange for community control sanctions. The court accepted the plea, but sentenced the defendant to a two-year prison term.

**{¶18}** On appeal, this court found that the defendant's plea was knowingly, intelligently, and voluntarily made, but that the trial court erred in imposing a prison sentence in contravention of the plea agreement without affording the defendant an opportunity to withdraw his plea. *State v. Dunbar*, 8th Dist. No. 87317, 2007-Ohio-3261, ¶ 141. ("*Dunbar I.*") This court directed that the defendant's plea be vacated.

**{¶19}** On remand, the case proceeded to a jury trial. At the time of the trial, the defendant had been imprisoned for more than two years. The jury found the defendant guilty of one count of abduction, and the trial court sentenced him to a five-year prison term. On appeal, this court found that the evidence was insufficient to support the abduction conviction and reversed it. *State v. Dunbar*, 8th Dist. No. 92262, 2010-Ohio-239, ¶ 30 ("*Dunbar II*"). The defendant was discharged from prison and filed an action seeking a declaration that he was a wrongfully imprisoned individual under R.C. 2743.48. The trial court granted the defendant's motion for summary judgment, finding that he was a wrongfully imprisoned individual, and the state appealed.

**{¶20}** The issue on appeal hinged on the defendant's plea to abduction (prior to this court vacating it). The state contended that the plea barred the defendant from being a wrongfully imprisoned individual. Following *Moore's* liberal construction of the statute, this court found that the plea did not bar the defendant from being a wrongfully imprisoned individual because it was void. *Dunbar*, *supra*, 2012-Ohio-707 ("*Dunbar III*"). "Because a void guilty plea has no effect at law, it does not exist for purposes of determining whether a person has the right to compensation under R.C. 2743.48." *Id.* at ¶ 16.

**{¶21}** Thus, on the authority of *Moore* and *Dunbar III*, Johnson's plea was void, and he was not precluded under R.C. 2743.48(A)(2) from a declaration that he was a wrongfully incarcerated individual.

**{¶22}** Further, this court recently reached the same result again in *Ballard v. State*, 8th Dist. No. 97882, 2012-Ohio-3086. In *Ballard*, under similar circumstances presented here, the trial court granted the state's motion for summary judgment, finding that the defendant was foreclosed from relief under R.C. 2743.48 because of his plea. This court reversed, citing *Moore* and *Dunbar*. This court noted in particular that the purpose of R.C. 2743.48 "would not be served by withholding relief from individuals who were induced to enter a guilty plea 'that carries no force or effect at law.'" *Ballard* at ¶ 26, quoting *Moore* at ¶ 22. Accordingly, this court held in *Ballard* that a "void guilty plea 'does not exist for purposes of determining whether a person has the right to see[k] compensation under R.C. 2743.48.'" *Id.* at ¶ 27, quoting *Moore* at ¶ 24.

**{¶23}** Following this court's decisions in *Dunbar III* and *Ballard*, as well as the Fourth Appellate District's decision in *Moore*, we find that Johnson was a wrongfully incarcerated individual under R.C. 2743.48 and, therefore, reverse the trial court's judgment.

**{¶24}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., CONCURS;
KATHLEEN ANN KEOUGH, J., DISSENTS WITH
SEPARATE OPINION

KATHLEEN ANN KEOUGH,  J., DISSENTING:

**{¶25}**  Respectfully, I dissent.  I agree that R.C. 2743.48(A) should be construed liberally to effect its remedial intent.  Nevertheless, I would find that in this case, Johnson's guilty plea bars a determination that he was a wrongfully imprisoned individual.

**{¶26}** Unlike in *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452 (4th Dist.) and *Dunbar v. State*, 8th Dist. No. 97364, 2012-Ohio-707, relied upon by the majority, Johnson's plea was not *void* when it was made, even though it was subsequently *vacated*. Moore's plea was void because he was misled by counsel and advised to plead guilty despite the existence of exculpatory evidence that implicated another individual; thus, it was not made knowingly, voluntarily, or intelligently. Dunbar's plea was likewise void because the trial court did not advise him prior to entering his plea that the court might impose a prison sentence, despite the negotiated plea for community control sanctions; hence, it also was not made knowingly, voluntarily, or intelligently.

**{¶27}** Here, however, Johnson was represented by counsel when he entered his plea, and there is no evidence whatsoever that he was misled or not given all the information necessary to evaluate the advisability of entering a plea. The record reflects that he was given notice of the charge and an opportunity to be heard, and then entered his plea. Quite simply, unlike the facts in *Moore* and *Duncan*, there is nothing in this record to demonstrate that Johnson was "wrongfully induced" to enter a guilty plea, or that he did not enter his plea knowingly, voluntarily, and intelligently. *Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452, ¶ 23.

**{¶28}** The majority's reliance on *Ballard v. State*, 8th Dist. No. 97882, 2012-Ohio-3086, is also misplaced. In *Ballard*, this court stated that "a void guilty plea 'does not exist for purposes of determining whether a person has the right to see[k]

compensation under R.C. 2743.48.'" *Id.* at ¶ 27, quoting *Moore* at ¶ 24. But Johnson's plea was not void.

**{¶29}** Likewise, *Ballard's* pronouncement that the purpose of R.C. 2743.48 "would not be served by withholding relief from individuals who were induced to enter a guilty plea 'that carries no force or effect at law'" is not applicable to this case. As discussed above, Johnson was not pressured or "induced" to enter his guilty plea; he did so knowingly, voluntarily, and intelligently.

**{¶30}** Furthermore, post-plea changes in the law do not render an otherwise valid plea involuntary or unknowing.

> Absent misrepresentation or other impermissible conduct by state agents, * * * a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*Brady v. United States*, 397 U.S. 742, 757, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970); *see also United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.2005). "The possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." *United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir.2005); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.2005). Such possibility does not mean that the defendant was pressured or coerced to plead guilty, nor does it render his plea void. *Sahlin* at 31.

**{¶31}** Johnson knowingly and voluntarily pled guilty under the law in effect at the time of his plea; he was not coerced or pressured to do so.[1] Thus, although the Ohio

---

[1]Johnson could have challenged the validity of the law he was charged with violating or

Supreme Court determined after his plea that Ohio's AWA was unconstitutional as applied to him, his plea was not void when it was made.

{¶32} "If the legislature had intended all persons whose convictions are reversed * * * to receive compensation for wrongful imprisonment, [it] would have written R.C. 2743.48 in such a manner." *Ratcliff v. State*, 94 Ohio App.3d 179, 182, 640 N.E.2d 560 (4th Dist.1994), *appeal not allowed*, 70 Ohio St.3d 1426, 638 N.E.2d 88 (1994). Instead, R.C. 2743.48 expressly provides that a claimant seeking a determination that he is a wrongfully imprisoned individual must satisfy each of the provisions of R.C. 2743.48(A)(1) through (5). Accordingly, I would find that under R.C. 2743.48(A)(2), Johnson's knowing, voluntary, and intelligent guilty plea precludes a determination that he is a wrongfully imprisoned individual under the statute.

---

appealed his conviction. He did neither.