[Cite as *Mohammad v. State*, 2012-Ohio-5517.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98655**

# JEROME MOHAMMAD

PLAINTIFF-APPELLANT

vs.

# STATE OF OHIO

DEFENDANT-APPELLEE

**JUDGMENT:**
**REVERSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-772781

**BEFORE:** Jones, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 29, 2012

**ATTORNEY FOR APPELLANT**

Terry H. Gilbert
Friedman & Gilbert
1370 Ontario Street, Suite 600
Cleveland, Ohio 44113-1752

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Brian R. Gutkoski
Assistant Prosecuting Attorney
Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} Plaintiff-appellant, Jerome Mohammad, appeals from the trial court's judgment granting the state of Ohio's motion for summary judgment and finding that he was not a wrongfully imprisoned individual under R.C. 2743.48. We reverse.

**I. Procedural History**

{¶3} In 2008, Mohammad was convicted of attempted gross sexual imposition labeled a "sexually oriented offender" under the law for the classification and registration requirements in effect at the time for offenders convicted of sexually oriented offenses, which was commonly known as "Megan's Law." Mohammad, who had previously been convicted in 1998 of unlawful sexual conduct with a minor, was classified as a sexually oriented offender, and was required to report his address annually to the state of Ohio for 15 years.

{¶4} On January 1, 2008, the Ohio legislature enacted Senate Bill 10 ("S.B. 10"), which was based on the federal Adam Walsh Act ("AWA"). The AWA changed the classification and registration requirements for offenders convicted of sexually oriented offenses, and as a result, Mohammad was reclassified as a Tier I offender and, as such, was required to report and verify his address every 90 days for life.

{¶5} On June 16, 2009, despite Mohammad's compliance with the reporting requirements under Megan's Law, he was indicted for failing to verify his address under the AWA in violation of R.C. 2950.06(F), a first degree felony. On March 30, 2010, Mohammad pleaded guilty to the charge and was sentenced to one year in prison.

{¶6} Following the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that held the AWA provisions authorizing the Attorney General to reclassify persons judicially classified under Megan's Law was an unconstitutional delegation of judicial authority to the executive branch, Mohammad filed a motion to withdraw his guilty plea. Later, in July 2011, the Ohio Supreme Court

held in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, that applying S.B. 10 to offenders who had committed sex offenses prior to its enactment violated the prohibition against retroactive laws as set forth in the Ohio Constitution.

{¶7} On September 26, 2011, under the authority of *Williams*, the trial court granted Mohammad's motion, vacated his conviction for failure to verify, and ordered him released from prison. Subsequently, on January 5, 2012, Mohammad filed a complaint seeking a declaration under R.C. 2743.48 that he was a wrongfully imprisoned individual. The parties filed cross-motions for summary judgment.

{¶8} As grounds for its motion, the state argued that Mohammad was not a wrongfully imprisoned individual because he pleaded guilty to the offense for which he was charged. The trial court agreed, denied Mohammad's summary judgment motion, and granted the state's motion for summary judgment. Mohammad now appeals.

{¶9} Mohammad's sole assignment of error reads as follows: "The trial court erred by finding a voided guilty plea sufficient to bar application of O.R.C. 2743.48 to appellant."

## II. Law and Analysis

{¶10} In his assigned error, Mohammad contends that the trial court erred in granting the state's summary judgment motion upon its finding that Mohammad's guilty plea for failure to verify barred a declaration that he was a wrongfully imprisoned individual. We agree.

{¶11} Appellate review of a trial court's ruling on a summary judgment motion is de novo. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, 940 N.E.2d 1026, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548, 2001-Ohio-1607, 757 N.E.2d 329. "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where

> the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio- 7108, 821 N.E.2d 564, ¶ 6. Therefore, we undertake an independent review to determine whether the state was entitled to judgment as a matter of law.

{¶12} R.C. 2743.48(B)(1) sets forth a two-step process for redress for wrongfully imprisoned individuals. First, the common pleas court must certify that the defendant was a wrongfully imprisoned individual. If so certified, then the defendant may file a claim against the state in the Court of Claims for compensation. Under R.C. 2743.48(A), a "wrongfully imprisoned individual" is an individual who satisfies the following criteria:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

**{¶13}** According to the state, because Mohammad pleaded guilty to the failure to verify charge, he cannot qualify as a wrongfully imprisoned individual under subsection (A)(2) of the statute.

**{¶14}** Recently, we were presented with an analogous situation in *Johnson v. State*, 8th Dist. No. 98050, 2012-Ohio-3964. In *Johnson*, the prisoner was convicted of rape, classified as a sexual oriented offender under Megan's Law, and later reclassified as a Tier I offender under the AWA. Like the instant case, the prisoner in *Johnson*, pleaded guilty to failing to verify his address under the AWA in violation of R.C. 2950.06(F), but subsequently withdrew his guilty plea after the Ohio Supreme Court's ruling in *Williams*.

**{¶15}** Similarly, the prisoner filed a complaint seeking to be adjudicated a wrongfully imprisoned individual. Correspondingly with the instant case, the trial court rejected the complaint in *Johnson* and granted summary judgment in favor of the state.

**{¶16}** We reversed the trial court's grant of summary judgment in the state's favor, finding that "because a void guilty plea has no effect at law, it does not exist for purposes of determining whether a person has the right to seek compensation under R.C. 2743.48." In reaching this decision, we followed our previous pronouncements in *Ballard v. State*, 8th Dist. No. 97882, 2012-Ohio-3086, and *Dunbar v. State*, 8th Dist. No. 97364 2012-Ohio-707. The *Ballard*, *Dunbar*, and *Johnson* decisions relied on *State v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452 (4th Dist.).

**{¶17}** In reliance on *Moore*, in *Johnson* at ¶ 12-15 we stated:

[T]he Fourth Appellate District "liberally construed" R.C. 2743.48 to permit a person who had pleaded guilty to an offense to qualify as a wrongfully imprisoned individual. The defendant in Moore pleaded guilty to murder in 1995 upon the advice of his counsel. In advising the client to plead, counsel failed to inform the defendant that exculpatory gunshot residue evidence existed (i.e., evidence that showed that the defendant tested negative for gunshot residue, and that another suspect tested positive). After pleading guilty and being sentenced, the defendant learned of the gunshot residue evidence and filed motions for postconviction relief and to withdraw his guilty plea. The defendant's motions were granted.

The case proceeded to a jury trial and the gunshot residue evidence was presented. The jury acquitted the defendant and he subsequently filed a motion seeking a declaration that he was a wrongfully imprisoned individual. The trial court granted the defendant's motion and the state appealed.

In addressing the "was found guilty of, but did not plead guilty to," language of R.C. 2743.48, the Fourth Appellate District found the statute to be a "remedial law," subject to "liberal construction." Id. at ¶ 21. The court reasoned that: "interpreting R.C. 2743.48 liberally would result in assuring that a plea that has been determined to have no legal effect does not, in fact, have any legal effect upon either the criminal or civil matters associated with the case. This would further the remedial goals of the statute by addressing the particularly egregious wrong of imprisoning an individual not only wrongfully, but also unconstitutionally." Id. at ¶ 23.

Thus, the Fourth District held that the defendant's plea was not knowingly, intelligently, and voluntarily made, and was therefore void.

{¶18} In accord, we reaffirm that a void guilty plea does not exist for purposes of determining whether a person has the right to seek compensation under R.C. 2743.48. Consequently, following our previous decisions in *Ballard*, *Dunbar*, and *Johnson*, as well as the Fourth Appellate District's decision in *Moore*, we find that Mohammad was a wrongfully incarcerated individual under R.C. 2743.48 and, therefore, reverse the trial court's judgment.

{¶19} Judgment reversed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR