GOVER, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Gover v. State* (1993), 67 Ohio St.3d 93.]

(No. 92–1028—Submitted April 21, 1993—Decided August 11, 1993.)

94

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Stephen J. Wenke,* Assistant Prosecuting Attorney, for appellant.

*Dave R. West,* for appellee.

*Lee I. Fisher,* Attorney General, and *Simon B. Karas,* Deputy Chief Counsel, urging reversal for *amicus curiae,* Lee I. Fisher.

---

PFEIFER, J.  Appellee failed to prove that he was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48.  We, therefore, reverse the decision of the court of appeals, and remand this cause for further consideration by the trial court.

A claimant seeking damages as a result of being wrongfully imprisoned must prove that he or she is a "wrongfully imprisoned individual" as defined in R.C. 2743.48. The statute provides:

"(A) As used in this section, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

"(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) He was sentenced to an indefinite or definite term of imprisonment in a state penal or reformatory institution for the offense of which he was found guilty.

"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought or will be brought by any prosecuting attorney, city director of law, village solicitor, or the chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

"(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser included offenses, either was not committed by him or was not committed by any person."

The requirement that "no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction" is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden v. State* (1989), 47 Ohio St.3d 47, 52, 547 N.E.2d 962, 967.

Thus, claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. The claimant must prove this element of the claim by a preponderance of the evidence, as required by *Walden v. State, supra.*

In the present case, Gover, while not committing the offense of safecracking with respect to his conduct on September 13, 1988, was nevertheless committing other criminal offenses during his visit to Smackwater Jacks. While the prosecutor in Hamilton County incorrectly chose to seek an indictment alleging safecracking, it appears that appellee might also have been charged with burglary under R.C. 2911.12, a second-degree felony. If only a minor misdemeanor charge could have arisen out of the appellee's conduct, that, of course, would be a different case because such an offense is not punishable by a term of imprisonment.

The record is devoid of any evidence that the trial court considered whether the appellee committed other offenses on September 18, 1988. We, therefore, remand this cause for further consideration.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. While I am not enamored with the draftsmanship of R.C. 2743.48, I do not believe it is appropriate for this court to amend the statute by judicial fiat. The plain language of the statute provides that a wrongly. incarcerated person cannot recover if, *inter alia,* another criminal proceeding "*can be* brought * * * for any act associated with that conviction." (Emphasis added.) The only sensible understanding of this provision is that an individual cannot recover under R.C. 2743.48 if the state may bring new charges against him or her *in the future.* Nowhere in the statute can one find the suggestion that if, for example, someone is wrongfully convicted and incarcerated for armed robbery, R.C. 2743.48 does not allow him to recover if he "might also have been" convicted of trespass, loitering or some other offense on the date and time in question.

Gover, of course, cannot now or in the future be charged with a lesser offense arising out of the alleged acts leading to the safecracking charge. The Double Jeopardy Clause of the Fifth Amendment prohibits such reprosecution. Cf. *Saylor v. Cornelius* (C.A.6, 1988), 845 F.2d 1401. It is indeed part of the purpose of the Fifth Amendment to prevent the sort of frivolous prosecution we see in this case.

The majority errs by treating R.C. 2743.48(A)(4) as if it says "*might have been* brought * * * for any act associated with that conviction." This fallacious interpretation allows the majority to find relevant the observation that Gover "might also have been charged with burglary" for his alleged conduct. To the

contrary, the fact is that whatever Gover originally could have been charged with is not relevant to our analysis today.

I think we should stick with the plain language of R.C. 2743.48 and not insert a "wild card" into subdivision (A)(4), especially without any real discussion of this newly created requirement or consideration of its ramifications.

I would affirm the court of appeals and thus must respectfully dissent.