[Cite as *Bundy v. State*, 2013-Ohio-5619.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DAVID M. BUNDY                          :

    Plaintiff-Appellee                  :                    C.A. CASE NO.    25665

v.                                      :                    T.C. NO.    11CV3948

STATE OF OHIO                           :                    (Civil appeal from
                                                               Common Pleas Court)

    Defendant-Appellant                 :

                                        :

. . . . . . . . . .

# O P I N I O N

Rendered on the _____20th_____ day of _____December_____, 2013.

. . . . . . . . . .

CHRISTOPHER W. THOMPSON, Atty. Reg. No. 0055379 and ANTHONY COMUNALE, Atty. Reg. No. 0062449, 130 W. Second Street, Suite 1444, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

DEBRA GORRELL WEHRLE, Atty. Reg. No. 0062747, Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215
    Attorneys for Defendant-Appellant

. . . . . . . . . .

GALLAGHER, J. (by assignment)

{¶ 1}    The State of Ohio appeals from the decision of the Montgomery County

Common Pleas Court. The state argues the trial court erred in determining that David Bundy was a wrongfully imprisoned person pursuant to R.C. 2743.48(A). Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶ 2} In 1995, while on parole from a 1987 burglary conviction, Bundy was arrested, indicted and convicted on two counts of gross sexual imposition of a person less than 13; two counts of sexual imposition and one count of attempted corruption of another with drugs. In April 2003, Bundy was released from prison as a convicted sex offender and required to register his address with the local sheriff's office on a yearly basis. On December 8, 2003, Bundy pleaded guilty to a fifth-degree felony charge of failure to register as a sex offender and was sentenced to five years of community control. *State v. Bundy*, Montgomery C.P. No. 2003 CR 03160 (Dec. 9, 2003). Thereafter, Bundy registered annually each October, his assigned registration month, through 2007.

{¶ 3} On November 28, 2007, Bundy received a letter from the Ohio Attorney General notifying him of a change in the law regarding sex offender classification and registration requirements. This change was authorized pursuant to Ohio's Adam Walsh Act, R.C. 2950.31, which authorized the Ohio Attorney General to reclassify sex offenders who already had been classified under the previous "Megan's Law" version of the registration requirements. The new law required Bundy to register every 180 days for 25 years, with an initial registration date of March 14, 2008.

{¶ 4} Bundy failed to register on March 14, 2008 and the Montgomery County Grand Jury indicted him with one count of failure to verify. Following an October 23, 2008 bench trial, the court found Bundy guilty of failure to verify and sentenced him to three years

of mandatory imprisonment. Bundy arrived at the Department of Rehabilitation and Correction on October 24, 2008. Bundy appealed that conviction to this court, which affirmed Bundy's conviction. *See State v. Bundy*, 2d Dist. Montgomery App. Nos. 23063, 23064, 2009-Ohio-5395. He then filed an appeal that was accepted for review by the Ohio Supreme Court. *See State v. Bundy*, 124 Ohio St.3d 1473, 2010-Ohio-354, 921 N.E.2d 245.

{¶ 5} On June 3, 2010, the Ohio Supreme Court held that R.C. 2950.031 and 2950.032, which required the reclassification of sex offenders already classified by court order under the former law, were unconstitutional. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. On September 10, 2010, the court reversed Bundy's conviction. *See In re Sexual Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801. Consequently, the Montgomery County Prosecutor's Office dismissed the charges against Bundy and he was released from prison.

{¶ 6} On June 2, 2011, Bundy initiated the instant civil action seeking a declaratory judgment that he was a wrongfully imprisoned person entitled to pursue an action for civil damages pursuant to R.C. 2743.48. The parties filed cross motions for summary judgment with Bundy arguing that he met the five requirements for designation as a wrongfully imprisoned person and with the state arguing that the Ohio legislature did not intend to compensate individuals who are incarcerated for violating statutes that are later repealed. Additionally, the state claimed that because Bundy was serving time simultaneously for both the failure to verify conviction and a one-year sentence for violating community control sanctions in a separate case, he was not wrongfully imprisoned. The

trial court agreed with Bundy, finding him to be a wrongfully imprisoned individual as defined in R.C. 2743.48(A) and thus entitled to commence a civil action for damages against the state of Ohio. The court denied the state's motion for summary judgment and granted Bundy's motion.

{¶ 7} The State appeals, raising the following assignment of error:

The trial court erred when it failed to determine whether the Appellee satisfied each of the five provisions of the wrongful imprisonment statute, set forth in R.C. 2743.48(A)(5) as required by the Supreme Court in *Gover v. State*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993); *Griffith v. City of Cleveland*, 128 Ohio St.3d 35, 40 (Ohio 2010), *Doss v. State*, 2012 Ohio 5678, P22 (Ohio December 6, 2012) and; *Dunbar v. State*, 2013-Ohio-2163; 2013 Ohio LEXIS 1355, P 17 (Ohio May 30, 2013).

{¶ 8} Within this assigned error, the state raises two issues, whether the trial court erred in determining that Bundy satisfied the requirements of R.C. 2743.48(A) and, whether the court erred in relying on a series of Eighth Appellate District cases that have since been reversed by the Ohio Supreme Court on the authority of *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111. We shall address these issues contemporaneously.

{¶ 9} Appellate review of a trial court's ruling on a summary judgment motion is de novo. *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, 940 N.E.2d 1026, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548, 2001-Ohio-1607, 757 N.E.2d 329. "De novo appellate review means that the court of

appeals independently reviews the record and affords no deference to the trial court's decision." *Holt v. State*, 10th Dist. Franklin No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where

> the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.

*Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6. Therefore, we undertake an independent review to determine whether the state was entitled to judgment as a matter of law.

{¶ 10} R.C. 2743.48 "addresses a narrow legal problem by providing compensation to innocent persons who have been wrongfully convicted and incarcerated for a felony." *Bennet v. Ohio Dep't of Rehabilitation & Correction*, 60 Ohio St.3d 107, 110, 573 N.E.2d 633 (1991). Under R.C. 2743.48(A), a "wrongfully imprisoned individual" is an individual who satisfies the following criteria:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated

felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 11}    Pursuant to that statute, "all claims for wrongful imprisonment must originate in a court of common pleas." *Griffith v. City of Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d1157, ¶ 1.  One wishing to file a suit in the Ohio Court of

Claims for damages for wrongful imprisonment "first must obtain a declaratory judgment in the court of common pleas certifying that the petitioner was a 'wrongfully imprisoned individual' pursuant to R.C. 2743.48." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002.

{¶ 12} In seeking summary judgment in his favor and on appeal before this court, Bundy argues that he qualifies as a wrongfully incarcerated individual by virtue of having been imprisoned for an invalid conviction under the Adam Walsh Act. The state argues that the repeal of that statute does not entitle Bundy to recover for wrongful imprisonment under R.C. 2743.48 because he did engage in the conduct that resulted in his conviction and thus was not actually innocent. Additionally, the state also contends that because Bundy was incarcerated for violating the conditions of his community control, his imprisonment was not wrongful. We disagree in part with the state's arguments.

{¶ 13} In the present case, all five of the required factors of R.C. 2743.48(A) are present. A Montgomery County Grand Jury indicted Bundy with one count of failure to verify pursuant to R.C. 2950.05, a third-degree felony. *See* R.C. 2743.48(A)(1). The trial court found Bundy guilty of the third-degree felony failure to verify after a bench trial and as such, Bundy did not plead guilty to the charge. *See* R.C. 2743.48(A)(2). The trial court sentenced Bundy to a three-year term of imprisonment for the offense of failure to verify. *See* R.C. 2743.48(A)(3).

{¶ 14} Pursuant to R.C. 2743.48(A)(4), Bundy's conviction was dismissed and no criminal proceeding is pending, can or will be brought by the prosecutor against Bundy for any act associated with his failure to verify under the Adam Walsh Act. In *Mohammed v.*

*State*, 8th Dist. Cuyahoga No. 98655, 2012-Ohio-5517, *Johnson v. State*, 8th Dist. Cuyahoga No. 98050, 2012-Ohio-3964, and *Ballard v. State*, 8th Dist. Cuyahoga No. 97887, 2012-Ohio-3086, the Eighth District Court of Appeals determined in each of the three cases that individuals convicted of and incarcerated for failure to comply with the Adam Walsh Act's revised reporting requirements for sex offenders qualify as "wrongfully imprisoned individuals" for purposes of R.C. 2743.48. The state cites as error the trial court's reliance on these three cases as all three were overturned on the authority of *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111. However, the basis for the reversal in *Dunbar* was that each of the three defendants in the above-cited cases pleaded guilty to the charges of failure to register. The Ohio Supreme Court held that a guilty plea under those circumstances disqualified an individual from qualification under R.C. 2743.48. *Id*. In the present case, we have no guilty plea, and we find the logic from the remainder of the opinions in *Mohammad, Johnson* and *Ballard* applies to the remainder of the analysis.

{¶ 15} We further disagree with the state's argument that because Bundy did not register under the Adam Walsh Act, he did engage in conduct defined as criminal at the time of his conviction. It is this court's conclusion that an involuntary conviction to an unconstitutional offense is without valid legal consequence and cannot be used as a basis to prevent Bundy from qualifying under R.C. 2743.48(A)(4).

{¶ 16} We do, however, find merit with the state's argument that Bundy's one-year incarceration in 2008 for violating conditions of community control in case No. 2003 CR 03160, independent of Bundy's failure to register, means that Bundy was not wrongfully imprisoned during his time in custody for those unrelated community control violations.

The record demonstrates that the court revoked Bundy's probation in the above-mentioned case because he was arrested for disorderly conduct, he had a warrant issued for failure to appear for a child support hearing, he failed to report to his probation officer as ordered, he tested positive for marijuana, he failed to make payments towards his financial obligations and, he violated probation by failing to register. These other alleged violations that led to the revocation of his probation in Case No. 2003 CR 03160 were not related to the failure to register charge and thus provided a separate, valid basis for his re-incarceration. The trial court agreed and determined that Bundy was not wrongfully imprisoned within the meaning of R.C. 2743.48 to the extent that any time served during his 2008 to 2010 incarceration related to his reinstated sentence in Case No. 2003 CR 03160.

{¶ 17} We agree with the trial court's conclusion and further hold that Bundy's conviction for failure to register did not provide a valid legal basis for the state of Ohio to retain him in custody after his sentence in Case No. 2003 CR 03160 had expired and thus, Bundy qualifies as a wrongfully imprisoned individual.

{¶ 18} Lastly, pursuant to R.C. 2743.48(A)(5), during Bundy's prison term for failure to register, the Ohio Supreme Court held that R.C. 2950.031 and 2950.032, which required the reclassification of sex offenders already classified by court order under the former law, were unconstitutional and reversed Bundy's conviction. *See State v. Bodyke* and *In re Sexual Offender Reclassification Cases*, 126 Ohio St.3d 322, 2010-Ohio-3753, 933 N.E.2d 801. Thus, Bundy could not have "committed" the felony offense of failure to register where that offense itself was a nullity.

{¶ 19} We conclude that Bundy qualifies as a wrongfully imprisoned individual

pursuant to R.C. 2743.48(A) and, as such, he is entitled to pursue a civil action in the Ohio Court of Claims. We affirm the decision of the trial court to deny the state's motion for summary judgment and grant Bundy's motion for summary judgment.

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J., concurs.

HALL, J., concurring:

{¶ 21} I concur in the result on this record that David Bundy was properly determined to be a "wrongfully imprisoned individual." However, I am compelled to comment that subsections (4) and (5) of R.C. 2743.48(A) fail to address two issues that could be dispositive for such a determination: (1) that he is not actually innocent; and (2) that R.C. 2743.48 does not anticipate subsequent unconstitutionality of the criminal statute (as applied to him) under which he was convicted.

{¶ 22} My observations stem from the Ohio Supreme Court's interpretation that "[t]he statutory language [of R.C. 2743.48(A)(4)] is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at the time that they were engaging in the activity for which they were initially charged." *Gover v. Ohio*, 67 Ohio St.3d 93, 95, 616 N.E.2d 207 (1993). "When the General Assembly enacted Ohio's wrongful imprisonment legislation, it 'intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability.'" *Id.*, quoting *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962, 967 (1989). My observations also are supported by case law interpreting language in R.C.

2743.48(A)(5)—that the offense "was not committed by the individual"—as a requirement that an applicant prove "actual innocence." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 12; *Nelson v. Ohio*, 183 Ohio App.3d 83, 2009-Ohio-3231, 915 N.E.2d 729, ¶ 13–14 (10th Dist.).

{¶ 23} For a person to be declared a "wrongfully imprisoned individual," R.C. 2743.48(A)(4) and (5) require determinations that:

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 24} Here Bundy was imprisoned for a 2008 "failure to verify" conviction, which involved not appearing at the designated interval to verify his registration address. The Ohio Supreme Court reversed his conviction based on the holding of *State v. Bodyke*, supra, that a sexual offender previously designated under Megan's Law could not be

reclassified under the Adam Walsh Act on separation-of-powers grounds. Instead of an annual interval for verification, Bundy's purported re-classification had required him to verify his address every 180 days. When he did not, he was charged.

{¶ 25}     Ordinarily, a registrant in Bundy's situation (classified under Megan's Law and reclassified under Adam Walsh), still would have been required to comply with the Megan's Law requirements which, among other things, required prompt notification of a change of address, under R.C. 2950.05, or "failure to notify" (not notifying the sheriff of a change of address).[1] At the time of Bundy's 2008 conviction, "failure to notify" also would have been a subsequent offense requiring a mandatory three-year sentence.[2] Moreover, a "failure to notify" offense would not have been affected by the unconstitutionality found in *Bodyke* because the requirement to notify the sheriff of a change of address was the same under either Megan's Law or the Adam Walsh Act. *See State v. Brunning*, 134 Ohio St. 3d 438, 2012-Ohio-5752, 938 N.E. 2d 316.

{¶ 26}     When Bundy did not appear to verify his address on March 14, 2008, a seven-day letter was sent to him. *State v. Bundy*, 2d Dist. Montgomery Nos. 23063, 23064,

---

[1] Bundy's case is an anomoly. As a result of this court's holding in his direct appeal, *State v. Bundy*, 2d Dist. Montgomery Nos. 23063 & 23064, 2009-Ohio-5395, Bundy was required to register under the Adam Walsh Act. That holding was reversed by the Ohio Supreme Court. But this court also had determined that because Bundy's 2000 court designation as a sexually oriented offender under Megan's Law occurred after he had completed the sexual offense part of his prison sentence, that designation occurred too late and he was not required to register or report under Megan's Law either.

[2] In *State v. Howard*, 134 Ohio St.3d 467, 2012—Ohio—5738, 983 N.E.2d 341, the Ohio Supreme Court determined that the penalty for a Megan's Law violation after enactment of the more onerous Adam Walsh Act should be the penalty that was in place immediately before the change from Megan's Law to Adam Walsh. Failure to verify or failure to notify were then both felonies of the third degree with a one-to-five-year, non-mandatory sentence. The applicable sentence is irrelevant to the discussion at hand because a conviction precludes one from being a wrongfully imprisoned individual, regardless of the sentence served.

2009-Ohio-5395, ¶ 11. When he did not respond, a detective attempted to call him but the phone was disconnected. *Id*. The detective went to his last known address and left a business card. *Id*. The electronic docket of the consolidated probation case (appellate case number 23064, trial court case number 2003-CR-3160) contains a May 23, 2008 notice of community control violation. It states, among other things: "You failed to notify your probation officer when you moved to 1580 Gift Ridge Rd., Manchester, Ohio 45144." It is apparent that Bundy could not be contacted because he had moved and had failed to notify the sheriff of his new address. But none of this was argued by the State in its appellate brief or in its opposition to the appellant's motion in the trial court. Had it been raised by the State, it would have been apparent that Bundy could have been charged, convicted, and imprisoned for "failure to notify" at the same time, and arising out of the same set of facts and circumstances, as his "failure to verify" conviction.

{¶ 27} This leads to the inadequacy of R.C. 2743.48(A)(4). If, at the inception of a prosecution, an individual could have been charged and imprisoned for ancillary criminal conduct but was not, it is often too late to pursue the ancillary charge a year or two later after the conviction is reversed. Adding an additional charge after an initial reversal is likely to raise several legal challenges. Moreover, other factual reasons may prevent pursuit of an additional charge. Therefore, under the strict wording of subsection (4) of the statute, Bundy may have been "committing a different offense," *Gover*, supra, but it may no longer be charged, thwarting the General Assembly's intention, enunciated in *Gover* and *Walden*, to separate those wrongfully imprisoned from those who merely escape criminal liability.

{¶ 28} Likewise, if subsection (5) of the statute is to require "actual innocence," it

is also flawed. Subsection (5) contains alternative requirements. Either the individual was released as a result of an "error in procedure," or the individual did not commit the offense (*i.e.*, actual innocence). The "error in procedure" language has been applied when a conviction is reversed because of a speedy trial violation, *Nelson v. State*, 5th Dist. Tuscarawas No. 2006 AP 0061, 2007-Ohio-6274, or as a result of an illegal search and seizure, *Hill v. State,* 10th Dist. Franklin No. 12AP–635, 2013-Ohio-1968, or the result of *Brady* violations, *D'Ambrosio v. State*, 8th Dist. Cuyahoga No. 99520, 2013-Ohio-4472. None of those errors in procedure apply to a case like Bundy's. Therefore, he must demonstrate that the offense "was not committed by him" (or not committed at all).

{¶ 29}    A sex offender is required promptly to "notify" the sheriff of a change of address, regardless of the applicable reporting interval. As previously explained, an offender failing to notify the sheriff of a new address arising out of the same set of facts and circumstances as a failure to verify could have been charged with either offense or both. Moreover, a "failure to notify" would not be affected by the unconstitutionality found in *Bodyke*.

{¶ 30}    Here the possibility of an alternate charge being pursued from the beginning was not argued by the State in its brief or in its opposition to the appellant's motion in the trial court. But if the legislature intended for those wrongfully incarcerated to show "actual innocence" before being eligible for compensation, the statute does not address the situation where the defendant could have been convicted and sentenced on an ancillary offense at the same time or arising out of the same events that led to the reversed conviction. The result, as here, is that an incarcerated individual may recover when not actually innocent simply

because the prosecutor, in hindsight, chose the wrong charge to pursue. Bundy's "failure to verify" conviction was reversed because of a later determination of unconstitutionality. An equally available "failure to notify" charge would not have been reversed for that reason.

{¶ 31} Finally, Bundy was charged by a sheriff's office, prosecuted by a prosecutor, and convicted by a trial court, which was affirmed on appeal—all acting under a duly enacted statute that later was held not to apply to him on separation-of-powers grounds. It may be that the legislature intended to compensate those imprisoned under a statute later determined to be unconstitutional. If so, the legislature should say so explicitly.

{¶ 32} In spite of the foregoing misgivings about the statutory scheme, I concur in the judgment. As indicated above, Bundy's case is unusual. This court eventually held that he was not required to register under Megan's Law (even though he had registered for several years and had a prior, unappealed conviction under that statute). The Ohio Supreme Court held that the Adam Walsh Act did not apply to him. Therefore, in retrospect, he had no duty to "verify" his address or to "notify" the sheriff of any change. Applying R.C. 2743.48 as written, he is a "wrongfully imprisoned individual."

. . . . . . . . . .

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Christopher W. Thompson
Anthony Comunale
Debra Gorrell Wehrle
Hon. Mary L. Wiseman