[Cite as *Richter v. State*, 2025-Ohio-268.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Arthur N. Richter                                      Court of Appeals No.  L-24-1053

       Appellant                              Trial Court No.  CI0202204333

v.

State of Ohio                                          **DECISION AND JUDGMENT**

       Appellee                               Decided:  January 24, 2025

* * * * *

Joseph Sobecki, for appellant.

Dave Yost, Ohio Attorney General and
Andrew T. Gatti, Senior Assistant Attorney
General, for appellee.

* * * * *

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Arthur Richter, from the judgment of the Lucas County Court of Common Pleas, journalized on February 13, 2024, which granted the State of Ohio's motion for summary judgment, denied Richter's partial motion for summary judgment and dismissed Richter's complaint requesting that he be declared a wrongfully imprisoned individual pursuant to R.C. 2743.48(B).  For the reasons that follow, we affirm, in part, and reverse in part.

## Assignments of Error

I.      THE TRIAL COURT ERRED BY FAILING TO REACH THE DISPOSITIVE ISSUE OF WHAT, IF ANY, OFFENSES CONSTITUTE LESSER-INCLUDED OFFENSES OF THE CHARGED OFFENSES.

II.     THE TRIAL COURT ERRED BY GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT.

III.   THE TRIAL COURT ERRED BY FAILING TO REACH ANY OF THE ISSUES IN RICHTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

IV.   THE TRIAL COURT ERRED BY FINDING THAT A MINOR MISDEMEANOR CAN PREVENT RICHTER FROM SATISFYING R.C. 2743.48(A)(5).

## Factual Background

{¶ 2} The facts of this case were laid out in *State v. Richter*, 2019-Ohio-5422, ¶ 2 - 5 (6th Dist.) as follows:

> * * * On January 31, 2018, a bar fight took place at Brew Ha's, a bar located in Toledo, Ohio. The fight was captured by video surveillance, and the resulting video was played for the jury at trial. A review of the video reveals that [Richter] and his uncle, [D.V.], were having drinks together at Brew Ha's when a female identified at trial as Krystal Witforth walked into the bar. According to trial testimony, Witforth came to the bar with Carl Wimpey and Khalil Moussaed. Wimpey and Moussaed entered the bar after Witforth.

After entering the bar, Witforth greeted [Richter], and a verbal confrontation ensued. According to Witforth's testimony at trial, [Richter] began to call her names because she had not responded to his sexual advances. After the confrontation ended, [Richter] became belligerent, and loudly stated that the bar was "full of a bunch of punk ass bitches." This comment prompted an argument between Wimpey and [Richter]. [Richter], who was in a sling as a result of a prior shoulder surgery, grabbed a nearby cue stick and began to threaten Wimpey. In an attempt to prevent a fight, Witforth removed the cue stick from [Richter].

Thereafter, Wimpey and [Richter] began to fight. [D.V.] and Moussaed, without prompting from [Richter], eventually joined the fight. After subduing [Richter] and [D.V.], Wimpey and Moussaed exited the bar and headed for Moussaed's truck. [Richter] quickly gathered two beer bottles and made his way into the parking lot. The video surveillance reveals that [Richter] began yelling at Wimpey and Moussaed. Shortly thereafter, [Richter] threw the two beer bottles at Moussaed's truck, prompting Wimpey and Moussaed to exit the truck and pursue [Richter] back into the bar.

Once inside the bar, [Richter] grabbed the entrance door and attempted to prevent Wimpey and Moussaed from reentering. Wimpey and Moussaed overpowered [Richter] and forced their way back into the bar, where the fight resumed. Shortly thereafter, Wimpey landed a punch to [D.V.]'s head, which caused [D.V.] to fall to the floor. At this point, the fight ended and Wimpey and Moussaed departed. Tragically, [D.V.] did not recover from his injuries, and he died several days later.

## Procedural Background

{¶ 3} As a result of the above, Richter was indicted for complicity in the commission of murder, a felony of the first degree, in violation of R.C. 2923.03(A)(2), R.C. 2903.02(B) and R.C. 2929.02, and inciting to violence, a felony of the third degree, in violation of R.C. 2917.01(A)(2) and (B).[1]

---

[1] Richter was initially only charged with one count of inciting to violence in violation of R.C. 2917.01(A)(2) and (B), in case No. CR0201801477, however, the State filed a second indictment in the current case and a nolle prosequi was entered as to the previous indictment.

3.

**{¶ 4}** The matter proceeded to trial on September 17, 2018. The State presented the testimony of five witnesses. After the State rested, Richter's attorney moved for acquittal under Crim.R. 29, arguing that the State had not introduced sufficient evidence to support either charge against him. *Richter*, 2019-Ohio-5422, ¶ 8 (6th Dist.). With respect to the charge of complicity, defense counsel argued that the State had failed to show that Richter shared Wimpey's criminal intent, or that he aided and abetted Wimpey in the commission of the felonious assault that led to D.V.'s death. *Id.* Regarding the inciting to violence charge, defense counsel maintained that Richter and Wimpey were mutual combatants, and thus, Richter did not incite Wimpey to violence. *Id.* The trial court denied Richter's Crim.R. 29 motion. *Id.* at ¶ 10. "In denying the motion, the trial court determined that the State's evidence demonstrated that appellant aided and abetted Wimpey by inciting him to commit the act of violence that led to [D.V.'s] death. The court found that appellant's act of throwing two beer bottles at Moussaed's truck 'incited the final act of the case here where Mr. Wimpey reentered the bar, had direct contact with the parties and then punched [D.V.], and as a result [D.V.] fell to the floor and died as a result of those injuries.'" *Id.* The defense then rested without presenting any evidence. *Id.* at ¶ 11.

**{¶ 5}** The jury found Richter guilty of both complicity to murder and inciting to violence. Richter appealed to this court. We reversed, finding both convictions were not supported by sufficient evidence. Regarding the complicity to commit murder, we found that the State did not meet its burden of establishing Richter acted with a shared criminal

4.

intent, and that there was nothing in the record supporting a conclusion that Richter intended to help Wimpey commit felonious assault on D.V. *Id*. at ¶ 24, 32. With respect to the inciting to violence charge, we first noticed that this charge "pertains to [Richter's] act of throwing two beer bottles at Moussaed's truck." *Id.* at ¶ 35. We further stated that Richter "was charged with inciting to violence after provoking violence against himself. The State does not suggest that [Richter] urged or incited Wimpey to commit an offense of violence against [D.V.], and the facts of this case do not support such an inference. Although [D.V.] happened to become embroiled in the fight that resumed after [Richter] threw beer bottles at Moussaed's truck, there is nothing in the record to support the notion that [Richter]'s conduct was designed to urge or incite Wimpey to commit an offense of violence against [D.V.]. *Id*. at ¶ 45.

{¶ 6} Following *State v. Turner*, 2007-Ohio-5449 (8th Dist.), where the appellate court concluded that "inciting to violence is limited to instances in which one incites another to commit an offense of violence against a third party," we found that Richter's conviction for inciting to violence was not supported by sufficient evidence. *Id*. at ¶ 44 - 45.

{¶ 7} After concluding that Richter's conviction for inciting to violence was not supported by sufficient evidence, we made the following comment:

> Although the net effect of the foregoing analysis is the vacation of [Richter]'s convictions, we nonetheless find [Richter]'s conduct in this case to be troubling and likely criminally actionable. For example, [Richter]'s conduct would fit squarely within the parameters of disorderly conduct. See *Turner*, … 2007-Ohio-5449, at ¶ 106-110 [(8th Dist.)]. However, our obligation here is not to determine whether there is sufficient evidence to

establish that [Richter] committed some crime based on his actions, but rather, whether the [S]tate has established by sufficient evidence that his actions constituted the crimes for which the grand jury found probable cause. Thus, our resolution of the assignments of error in [Richter]'s favor merely reflects our determination that the [S]tate has failed to introduce sufficient evidence to support a conviction for the crimes with which [Richter] was charged.

*Id*. at ¶ 46.

{¶ 8} On November 15, 2022, Richter filed a complaint seeking to be declared a wrongfully imprisoned individual pursuant to R.C. 2743.48(B)(1). On November 29, 2023, Richter filed a motion for partial summary judgment, arguing that there was no genuine issue of material fact as to four of the five elements required to be found a wrongfully imprisoned individual, and additionally that there was no genuine issue of material fact that he did not commit the two crimes with which he was charged. He then requested an expedited briefing schedule to "resolve the remaining issue" – whether he committed any lesser-included offenses pursuant to R.C. 2743.48(A)(5). On that same date, the State filed a motion for summary judgment arguing that Richter's conduct did not meet R.C. 2743.48(A)(5), which in relevant part requires that "it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person." The State asserted that Richter "committed at least disorderly conduct as suggested by the Sixth District Court of Appeals," citing to our previous decision in *Richter*. Specifically, the State referenced disorderly conduct as defined in

R.C. 2917.11(A)(1), (B)(1) and (B)(2). The State further contended that disorderly conduct is a lesser-included offense of inciting to violence.

{¶ 9} In its opinion regarding the competing motions for summary judgment, journalized on February 13, 2024, the trial court limited its decision to consideration of R.C. 2743.48(A)(5), finding that section "dispositive," and then made the following statement:

> In his criminal case, [Richter] was convicted of, as relevant here, Inciting to Violence under R.C. 2917.01. The court of appeals overturned his conviction, but opined that [Richter's] underlying criminal conduct "would fit squarely within the parameters of disorderly conduct." *State v. Richter*, 2019-Ohio-5422 at ¶ 46 [(6th Dist.)]. [Richter's] conduct in the underlying case also constituted Inducing Panic (R.C. 2917.31) by "caus[ing] serious public inconvenience or alarm, by …[t]hreatening to commit any offense of violence…"; Assault (R.C. 2903.13) by "…attempt[ing] to cause physical harm to another…"; and Menacing (R.C. 2903.22) by "…knowingly caus[ing] another to believe that the offender will cause physical harm to the person or property of the other person…."
> Nowhere in R.C. 2973.48 [sic] is there a requirement that any lesser-included offenses be punishable by jail or prison, and this court will refrain from writing into the statute language which does not exist.

{¶ 10} Without any further analysis, the trial court then denied Richter's motion for partial summary judgment and granted the State's motion for summary judgment. Richter appealed.

**Standard of Review**

{¶ 11} "We review a summary judgment decision on a de novo basis. Thus, we undertake our own independent examination of the record and make our own decision as

7.

to whether the moving party is entitled to summary judgment." (Citations omitted.). *DeFoe v. Schoen Builders, LLC*, 2019-Ohio-2255, ¶ 24 (6th Dist.).

## Summary Judgment Standard

{¶ 12} Under Civ.R. 56(C), summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, and that is adverse to the nonmoving party.

{¶ 13} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party meets this initial burden, the nonmoving party must set forth specific facts, by way of proper Civ.R. 56(C) evidence, showing a genuine issue for trial exists. *Id*. at 293.

## Wrongful Imprisonment Generally

{¶ 14} There is a two-step process for those seeking to be compensated for wrongful imprisonment. *Doss v. State*, 2012-Ohio-5678, ¶ 10. "The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money

8.

damages." *Id.,* citing *Griffith v. Cleveland*, 2010-Ohio-4905, paragraph two of the syllabus.  It is the first step at issue here.

{¶ 15} Actions against the State for a factual determination of wrongful imprisonment "are governed by R.C. 2743.48, which places the burden on a claimant to prove by a preponderance of the evidence that he or she meets the definition of a 'wrongfully imprisoned individual.'" *Bundy v. State*, 2015-Ohio-2138, ¶ 15, citing *Doss* at paragraph one of the syllabus.  To meet that definition, a claimant must satisfy each of the following:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:
> (a) No criminal proceeding is pending against the individual for any act associated with that conviction.
> (b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.
> (c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that this division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.

9.

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person. In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

R.C. 2743.48(A).

### First Assignment of Error

{¶ 16} In his first assignment of error, Richter argues that the trial court did not reach the dispositive issue – whether he satisfied R.C. 2743.48(A)(5) by establishing that he did not commit the offense with which he was charged, or any lesser-included offenses.

{¶ 17} Here the parties agree that Richter met the first four requirements of R.C. 2743.48(A). Additionally, with respect to R.C. 2743.48(A)(5), there have been no arguments made that there was a procedural error, or that no offense was committed by any person. Thus, the parties agree that the relevant portion of (A)(5) is whether Richter committed "the offense of which the individual was found guilty, including all lesser-included offenses," and that the dispositive issue is whether Richter committed a lesser-

10.

included offense to inciting to violence. Although the State has asserted in its brief that it believes Richter "is not innocent of the crimes for which he was convicted," its only argument on summary judgment was that Richter committed the offense of disorderly conduct, which the State contended was a lesser-included offense of inciting to violence. Similarly, in its opinion, the trial court made no finding that Richter had committed the offense of inciting to violence, merely that inciting to violence was the relevant conviction. Therefore, we limit our analysis here to whether the State met its burden on summary judgment of establishing that there was no genuine issue of material fact that Richter committed a lesser-included offense to inciting to violence.[2]

{¶ 18} With respect to this issue, Richter maintains that the trial court failed to address this issue and requests that we remand the case back to the trial court. We agree that this issue was not addressed by the trial court. While the trial court concluded that Richter committed four offenses, relying in part on our previous statement that Richter's "underlying criminal conduct 'would fit squarely within the parameters of disorderly conduct,'" a finding that Richter's conduct constituted these offenses does not equate to a finding that he committed a lesser-included offense to inciting to violence.

{¶ 19} A determination of whether an offense is a lesser-included offense of another does not involve a consideration of the facts of a particular case. *State v. Hines*,

---

[2] Richter also makes an argument under R.C. 2743.43(A)(4) in case the trial court's finding that he committed those four crimes was relevant to whether he could meet the requirements of (A)(4). However, both parties have acknowledged that each element of (A)(4) was stipulated to by the parties and is not at issue here. Thus, we need not conduct an analysis of (A)(4).

11.

2018-Ohio-1780, ¶ 27, citing *State v. Evans*, 2009-Ohio-2974, ¶ 13.  Rather, when "determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed."  *Evans* at paragraph two of the syllabus, clarifying *State v. Deem*, 40 Ohio St.3d 205 (1988).  This test "requires a comparison of the elements of the respective offenses in the abstract to determine whether one element is the functional equivalent of the other. If so, and if the other parts of the test are met, one offense is a lesser included offense of the other." *Hines* at ¶ 27, quoting *Evans* at ¶ 25.  Thus, the trial court was required to find both that Richter committed an offense and that the offense that he committed was a lesser-included offense to an offense with which he was charged.  Here, although the trial court found Richter committed certain offenses, the trial court did not make any finding that those offenses were lesser-included offenses to inciting to violence.

{¶ 20} As a reviewing court, we do "not consider the issues relevant to the motion for summary judgment in the first instance."  *Maurer v. Wayne Cty. Bd. of Cty. Commrs.*, 2015-Ohio-5318, ¶ 11 (9th Dist.), citing *Price v. Carter Lumber Co.*, 2012–Ohio–6109, ¶ 22 (9th Dist.).  When the trial court's judgment is not sufficiently detailed, we cannot provide meaningful review.  *Wilmoth v. Akron Metro. Hous. Auth.*, 2016-Ohio-3441, ¶ 25 (9th Dist.).  Thus, in instances when a trial court does not address an issue on summary

12.

judgment in the first instance, appellate courts have reversed and remanded the matter to the trial court to first address the issue. *E.g. Ocwen Loan Servicing, LLC v. McBenttes*, 2019-Ohio-4884, ¶ 8 - 9 (9th Dist.). As the trial court did not address the issue of whether the offenses it found that Richter had committed were lesser-included offenses, we must reverse and remand the matter to the trial court for consideration of this issue.

{¶ 21} We therefore find Richter's first assignment of error well-taken. Further, in light of this ruling, we find the Richter's second and third assignments of error moot.

### Fourth Assignment of Error

{¶ 22} Although we are remanding the case, we will consider Richter's fourth assignment of error, in which he argues that the trial court erred in finding that he can be prevented from qualifying under R.C. 2743.48(A)(5) if his only lesser-included offense is a minor misdemeanor. He maintains that if his conduct constitutes the commission of only a lesser-included minor misdemeanor, the trial court must find that he was actually innocent as described in R.C. 2743.48(A)(5) as a matter of law. Put simply, Richter asks this court to interpret R.C. 2743.48(A)(5)'s actual innocence language to exclude a trial court from considering lesser-included minor misdemeanors when making its determination. Therefore, the threshold question on this assignment of error is whether R.C. 2743.48(A)(5) permits such an interpretation. We find that it does not. "A question of statutory construction presents an issue of law that appellate courts review de novo." *State v. Calhoun*, 2019-Ohio-228, ¶ 24 (6th Dist.). "We review statutory language for plain meaning, unless there is an ambiguity." *Id*., citing *State v. Polus*,

13.

2016-Ohio-655, ¶ 7. "A statute is ambiguous when its language is susceptible to more than one reasonable interpretation." *Hamer v. Danbury Twp. Bd. of Zoning Appeals*, 2020-Ohio-3209, ¶ 9 (6th Dist.). "If we find the statutory language is clear and unambiguous, we must apply the statute as written." *Calhoun* at ¶ 24.

{¶ 23} R.C. 2743.48(A)(5) permits a trial court to find that a petitioner was actually innocent when:

> it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, *including all lesser-included offenses,* was not committed by the individual or that no offense was committed by any person.

(Emphasis added.). The statute plainly states that a petitioner seeking a determination that they are actually innocent under R.C. 2743.48(A)(5) must show that they are innocent of *all* lesser-included offenses. The statute contains no language that suggests those lesser-included offenses do not include minor misdemeanors, or any other category of lesser-included offenses. As a result, we find that the statute is not ambiguous and that a petitioner seeking a designation that they are a wrongfully imprisoned individual must show that they are actually innocent of all lesser-included offenses, without regard to the degree of those offenses, in order to satisfy R.C. 2743.48(A)(5). Therefore, the trial court did not err in rejecting Richter's argument that its determination should not include lesser-included minor misdemeanors.

{¶ 24} We note Richter's argument that *Gover v. State*, 67 Ohio St.3d 93 (1993) suggests otherwise. In *Gover*, the Ohio Supreme Court concluded that the evidence

14.

showed that the petitioner "might also have been charged" with a separate felony, distinct from the charged offense. *Id*. at 96. It then determined that the trial court erred in determining that the petitioner was a wrongfully imprisoned individual because "[t]he record [was] devoid of any evidence that the trial court considered whether [petitioner] committed other offenses [as described in R.C. 2743.48(A)(4)].[3] *Id*. The trial court's failure to consider that evidence in the record warranted reversal and remand of the trial court's judgment. *Id*. In describing this conclusion, the court stated "[i]f only a minor misdemeanor charge could have arisen out of the appellee's conduct, that, of course, would be a different case because such an offense is not punishable by a term of imprisonment." *Id*. Richter relies on this statement as support for his conclusion that a trial court may not consider minor misdemeanors when determining whether a petitioner committed lesser-included offenses as described in R.C. 2743.48(A)(5). Richter's reliance on this statement is unfounded.

{¶ 25} First, Richter is relying on dicta from *Gover* to support his argument. The Ohio Supreme Court's commentary on whether a minor misdemeanor could be considered under R.C. 2743.48(A)(4) was not the basis for its holding. Instead, the court held that the trial court's failure to consider whether any other offenses were committed constituted error. *Id*.

---

[3] Richter notes that *Gover* analyzed a previous version of R.C. 2743.48. The relevant portions of the statute Richter asks this court to consider here remain essentially unchanged. As a result, the amendments to R.C. 2743.48 subsequent to *Gover* are not relevant to our analysis.

15.

{¶ 26} Second, the issue in *Gover* related to whether any criminal proceedings were pending or could be brought against the petitioner for other offenses based on their conduct as described in the relevant version of R.C. 2743.48(A)(4). *Id.* at 95. That subsection, by its plain language, compares separate and distinct offenses a petitioner may have committed through their conduct. It is wholly unrelated to the trial court's consideration of lesser-included offenses as described in R.C. 2743.48(A)(5). Nevertheless, Richter asks this court to conclude that the trial court's analysis of separate offenses under R.C. 2743.48(A)(4) and lesser-included offenses under R.C. 2743.48(A)(5) must be identical. The plain language of the statute does not permit this conclusion. Logically, if separate offenses and lesser-included offenses were to be subject to the same analysis, there would be no need for these separate subsections. The statute then, by its plain language, treats these factors separately. Any interpretation of *Gover*'s commentary on R.C. 2743.48(A)(4) or its related analysis is simply irrelevant to the present appeal.

{¶ 27} In sum, Richter asks this court to apply dicta from *Gover*, a case addressing the scope of R.C. 2743.48(A)(4), to find that the trial court could not consider minor misdemeanors as lesser-included offenses as described in R.C. 2743.48(A)(5). R.C. 2743.48(A)(5)'s plain language is unambiguous in stating that Richter must be innocent of *all* lesser-included offenses of his overturned conviction, with no limitation as to the type of offenses, before he can show that he is a wrongfully imprisoned individual. As a

16.

result, his argument that the trial court erred in finding that it could consider lesser-included minor misdemeanor offenses under R.C. 2743.48(A)(5) is without merit.

{¶ 28} Based upon the above reasoning, we find Richter's fourth assignment of error not well-taken and affirm that portion of the trial court's judgment.

### Conclusion

{¶ 29} The judgment of the Sixth District Court of Appeals is reversed and remanded for proceedings consistent with this opinion. We do, however, affirm the trial court's opinion with respect to its conclusion that the lesser-included offenses referenced in R.C. 2743.48(A)(5) need not be punishable by jail or prison as Richter argued.

{¶ 30} Pursuant to App.R. 24, the State is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCURS IN JUDGMENT
ONLY.

_____
JUDGE

Gene A. Zmuda, J.
CONCURS AND WRITES
SEPARTELY.

_____
JUDGE

**ZMUDA, J.**

{¶ 31} I concur with the majority in finding that the trial court's judgment must be reversed and remanded for further proceedings. I write separately, however, because I reach this conclusion based on different reasoning than the majority. To address my departure from the majority's opinion, I begin with a brief overview of the procedure underlying a petitioner's claim for damages as a wrongfully imprisoned individual pursuant to R.C. 2743.48.

{¶ 32} As the majority notes, a claim for damages for wrongful imprisonment is a two-step process. In the first step, the petitioner seeking recovery must obtain a determination from the court of common pleas in which they were originally convicted that they are a "wrongfully imprisoned individual." R.C. 2743.48(B). This requires the petitioner to show that they satisfy the five factors described in R.C. 2743.48(A)(1) through (5). Once the petitioner has been deemed a wrongfully imprisoned individual, they may file a petition in the Ohio court of claims for damages resulting from that wrongful imprisonment. R.C. 2743.48(B). *Griffth v. Cleveland,* 2010-Ohio-4905, ¶ 30. The wrongful imprisonment determination is limited to the applicable court of common pleas while the damages to be awarded can only be determined by the court of claims. *Id.* In essence, the statute establishes a bifurcated trial in which liability and damages are determined in separate proceedings. In this appeal, we are focused on the trial court's

18.

finding during the liability portion of this process—that is, whether appellant is a wrongfully imprisoned individual.

{¶ 33} In *State v. Smith,* 1989 WL 61052 (9th Dist. June 7, 1989), the Ninth District Court of Appeals provided an overview of both the parties' and the trial court's obligation in resolving an action filed pursuant to R.C. 2743.48.[4] It stated:

> R.C. 2305.02 [the statute granting common pleas courts with subject matter jurisdiction over wrongful imprisonment claims] in conjunction with R.C. 2743.48 does more than imbue the court with jurisdiction * * * [it] describes the type of proceedings which must occur at the common pleas level. The court has original jurisdiction to "hear and determine an action or proceeding." The phrase "hear and determine" relates to the function of the court to try and to decide all questions involved in a controversy presented to the court. See *Quarl v. Abbot* (1885), 102 Ind. 233, 1 NE 476. The term implies that the parties are before the court.
> * * *
> Thus, the wording of R.C. 2305.02 suggests that the legislature intended the common pleas court to adjudicate the issue of whether an individual is wrongfully imprisoned after the parties have presented their positions in an adversary setting.
> * * *
> [The plaintiff] must present some quantity of proof showing [they] did not commit the crime or that no one committed it.

While the proceedings must be adversarial, there is no requirement that the trial court conduct a hearing. *State v. Moore,* 2006-Ohio-114, ¶ 13 (4th Dist.). However, the proceedings still require plaintiff to present evidence necessary to show their actual innocence. *Doss v. State,* 2012-Ohio-5678, ¶ 14. Once that evidence has been presented,

---

[4] The court was reviewing a previous version of R.C. 2743.48 that permitted a party to seek a wrongfully imprisoned individual designation at any time. The March 17, 1989 amendment added the requirement that the petitioner's conviction must be vacated, dismissed, or reversed on appeal before a party can seek that designation. That amendment is immaterial to our analysis.

19.

the trial court must conduct a *de novo* review of all evidence prevented to adjudicate whether the petitioner has shown that they are "actually innocent" as described by R.C. 2743.48(A)(5). *Id.* at ¶ 21. Here, I find that the trial court erred by failing to follow this procedure, thereby denying appellant the opportunity to prove his claim that he was actually innocent as described in R.C. 2743.48(A)(5).

{¶ 34} At the time the trial court determined appellant was not a wrongfully imprisoned individual, the record contained the pleadings, a stipulation of facts with a copy of the criminal trial transcripts and exhibits attached, and the parties' respective motions for summary judgment. In his petition, appellant alleged that he had been wrongfully imprisoned, an allegation the state denied in its answer. The stipulation of facts showed that the parties agreed that the ministerial requirements appellant had to satisfy under R.C. 2743.48(A)(1) through (4) to show that he had been wrongfully imprisoned had been met. However, the stipulation established no facts related to appellant's conduct or whether that conduct established his actual innocence on his overturned conviction for inciting to violence or any lesser-included offenses as described by R.C. 2743.48(A)(5). Lastly, the parties' motions for summary judgment referenced only the evidence introduced in the prior criminal action and did not provide any additional evidence, pursuant to Civ.R. 56(C), that would establish any additional facts related to appellant's conduct. Essentially, the trial court was asked to review appellant's prior criminal trial to determine whether he was actually innocent as described in R.C. 2743.48(A)(5).

20.

{¶ 35} To make that determination, the trial court was obligated to conduct a de novo review of the evidence before it, with no deference to any prior findings. *Doss* at ¶ 21. The trial court's judgment gives no indication that it conducted any review of the evidence before it, let alone conducted a de novo review of that evidence. Instead, the trial court merely adopted dicta from this court's previous opinion in which we stated that appellant's conduct "would fit squarely within the parameters of disorderly conduct." *State v. Richter*, 2019-Ohio-5422, ¶ 46 (6th Dist.).

{¶ 36} The trial court's reliance on our prior statement to conclude that appellant committed the lesser-included offense of disorderly conduct is improper as it was obligated to conduct its own de novo review of the evidence. Further, even if the trial court could consider this statement from our prior decision, that statement was not a finding of this court but was used as an example to identify the precise issue before this court in appellant's direct appeal—that is, whether appellant committed the charged offense, not any offense. *Id.* ("our obligation here is not to determine whether there is sufficient evidence to establish that appellant committed *some* crime based on his actions, but rather, whether the state has established by sufficient evidence that his actions constituted the crimes for which the grand jury found probable cause") (emphasis sic).[5]

{¶ 37} The trial court's reliance on dicta from our prior decision then, without any further indication that it considered the facts of this case de novo, shows that it breached

---

[5] Ironically, the trial court below was asked to determine whether appellant committed some other, lesser included offense based on his actions. That is nearly identical to the analysis we expressly avoided undertaking in *Richter*.

21.

the procedures required under R.C. 2743.48(B). In doing so, the trial court denied appellant the right to an adversarial proceeding in which he could show he was actually innocent as described in R.C. 2743.48(A)(5). By reaching its conclusion based solely on dicta from this court's prior decision, the trial court failed to conduct a de novo review of the evidence before it. *See State v. Gover,* 67 Ohio St.3d 93 (1993) (holding that the trial court's failure to consider the evidence in the record before making its determination constituted error). For that reason, I would find each of appellant's first three assigned errors, each alleging that the trial court erred in granting the state's motion for summary judgment, well-taken. I would, therefore, reverse the trial court's granting of the state's motion for summary judgment and would remand this matter with instructions to the trial court to conduct the required de novo review of the evidence.

{¶ 38} For these reasons, I concur in the majority's resolution of appellant's first, second, and third assignments of error. However, I would instruct the trial court to conduct the required de novo review on remand. I fully concur with the majority's resolution of appellant's fourth assignment of error. As a result, I concur in the majority's judgment but do not join in the entirety of its analysis as described herein.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

22.